UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
SEAN G. HARRIS

                                                                                    COMPLAINT
                                                  Plaintiff,         AND JURY DEMAND

        -against-

THE CITY OF NEW YORK; DAVID FRANKEL, as
Former Commissioner, New York City Department of Finance;
BETH E. GOLDMAN, as Former Commissioner, New York
City Department of Finance; JACQUES JIHA, as Commissioner,
New York City Department of Finance; ELOISE M. ARCHIBALD,
as Director of Psychological Services, Police Department City of
New York; SARAH LAZER-GOMEZ, as Psychologist Level 1,
Police Department City of New York and ALEXANDER STATIS,
as Psychologist Level 1, Police Department City of New York, each
being sued individually in their official capacities as employees' of
defendant THE CITY OF NEW YORK

                                                                    Defendants'
------------------------------------------------------------------------------x

        The plaintiff SEAN G. HARRIS by his attorney The Sanders Firm, P.C., as and for his complaint against defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; SARAH LAZER-GOMEZ and ALEXANDER STATIS, respectfully set forth and allege that:

## INTRODUCTION

        This is an action for equitable relief and money damages on behalf of the plaintiff SEAN G. HARRIS, (hereinafter referred to as "plaintiff") whose statutory rights as an applicant and employee were violated as a result of defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; SARAH LAZER-GOMEZ and ALEXANDER STATIS'S discriminatory conduct.

## JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1871, 42 U.S.C. § 1983; New York State Executive Law § 296, and New York City Administrative Law § 8-107.

2. The unlawful employment practices, violations of plaintiff's statutory rights as an employee complained of herein were committed within New York and Queens Counties.

## PROCEDURAL REQUIREMENTS

3. Plaintiff has filed suit within the applicable statute of limitations period.

## PLAINTIFF

4. Plaintiff SEAN G. HARRIS a citizen of the United States of America, over twenty-one (21) years of age, and resident of Nassau County, is a former employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the New York City Department of Finance – Sheriff's Division. For the purposes of this litigation defendant CITY may be identified interchangeably using CITY or FINANCE to identify the employer which is the CITY.

## DEFENDANTS'

5. Defendant CITY is a municipal corporation formed under New York Law and at all relevant times was Plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the world.

6. Defendant DAVID FRANKEL, as Former Commissioner, New York City Department of Finance.

7. Defendant BETH E. GOLDMAN, as Former Commissioner, New York City Department of Finance.

8. Defendant JACQUES JIHA, as Commissioner, New York City Department of

Finance.

9. Defendant ELOISE M. ARCHIBALD, as Director of Psychological Services, Police Department City of New York.

10. Defendant SARAH LAZER-GOMEZ, as Psychologist Level 1.

11. Defendant ALEXANDER STATIS, as Psychologist Level 1.

## BACKGROUND

12. Plaintiff self identifies as an African-American male.

13. Plaintiff is a former employee of the New York City Department of Finance – Sheriff's Division, employed as a Deputy Sheriff.

14. Plaintiff alleges Deputy Sheriffs are peace officers as defined under the New York State Criminal Procedure Law and authorized to make warrantless arrests, issue summonses, conduct vehicle stops, carry and use firearms, batons, pepper spray, handcuffs, and use physical and deadly force.

15. Plaintiff alleges Deputy Sheriffs in their civil enforcement role are authorized to enforce parts of the New York State Civil Practice Law and Rules ("CPLR").

16. Plaintiff alleges psychological tests if used objectively can be a vital tool used to assess an applicants or employees honesty and integrity.

17. Plaintiff alleges Title VII of the Civil Rights Act of 1964 prohibits psychological testing designed to, or that has a tendency to, discriminate based upon race.

18. Plaintiff alleges psychological testing where the administration results in disparate treatment or disparate impact upon applicants or employees based upon race, violates Title VII of the Civil Rights Act of 1964.

19. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, have a

legal obligation to ensure applicants or employees are afforded a fair opportunity to qualify for employment.

20. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, knows or should have known psychological testing requiring analysis by a psychologist is fraught with "subjectivity" and "implicit bias", thereby creating the opportunity for disparate treatment or disparate impact upon applicants or employees due to their race.

21. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, does not review existing psychological testing to ensure they are statistically valid, reliable and devoid of racial bias.

22. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, does not administer psychological testing in a standardized manner to ensure that all job applicants or employees are assessed in the same way.

23. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, does not monitor test results to ensure there's no disparate treatment or disparate impact upon applicants or employees due to race.

24. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, does not monitor workplace statistics on attrition, theft, turnover, and production to determine whether the use of psychological testing have a disparate treatment or disparate impact upon applicants or employees due to their race.

25. Plaintiff alleges in 1978, the United States Equal Employment Opportunity Commission ("EEOC") adopted the Uniform Guidelines on Employee Selection Procedures ("UGESP") under Title VII of the Civil Rights Act of 1964.

26. Plaintiff alleges the UGESP provides uniform guidance for employers to ensure

their testing and selection procedures are in compliance with Title VII of the Civil Rights Act of 1964, theory of disparate impact.

27. Plaintiff alleges the UGESP outline three (3) different methods for employers to prove their testing and selection procedures are job-related and consistent with business necessity.

28. Plaintiff alleges these methods of proving job-relatedness are called "test" validation.

29. Plaintiff alleges defendant THE CITY OF NEW YORK as an employer, upon information and belief, is not in compliance with the UGESP.

30. Plaintiff alleges defendant DAVID FRANKEL served as the Commissioner, New York City Department of Finance from July 29, 2009 through September 24, 2013.

31. Plaintiff alleges defendant DAVID FRANKEL as the agency head was legally obligated to ensure the aforementioned procedural safeguards in the hiring and selection process for Deputy Sheriff, City of New York are in place to ensure all applicants or employees have a fair opportunity to qualify for employment and failed to do so.

32. Plaintiff alleges defendant BETH E. GOLDMAN served as the Commissioner, New York City Department of Finance from September 24, 2013 through April 7, 2014.

33. Plaintiff alleges defendant BETH E. GOLDMAN as the agency head was legally obligated to ensure the aforementioned procedural safeguards in the hiring and selection process for Deputy Sheriff, City of New York are in place to ensure all applicants or employees have a fair opportunity to qualify for employment and failed to do so.

34. Plaintiff alleges defendant JACQUES JIHA serves as the Commissioner, New York City Department of Finance.

35. Plaintiff alleges defendant JACQUES JIHA as the agency head is legally obligated to ensure the aforementioned procedural safeguards in the hiring and selection process for Deputy Sheriff are in place to ensure all applicants or employees have a fair opportunity to qualify for employment have failed to do so.

36. Plaintiff alleges on or about October 25, 2002 he enlisted in the United States Army.

37. Plaintiff alleges he was assigned to the 82nd Airborne Division as a Paratrooper.

38. Plaintiff alleges on or about October 24, 2005, he received an "Honorable Discharge" after serving honorably overseas.

39. Plaintiff alleges sometime in 2006 he began the hiring and selection process for the position of Police Officer, City of New York, Examination No.: 6102, List No.: 98.

40. Plaintiff alleges in or around July 2007 he relocated to Tempe, Arizona along with his then girlfriend.

41. Plaintiff alleges in or around July 2007 after qualifying during the hiring and selection process including psychological testing he was appointed as a police officer to the Police Department City of Tempe, Arizona.

42. Plaintiff alleges on or about March 21, 2008 he resigned as a police officer for the City of Tempe, Arizona.

43. Plaintiff alleges in or around Spring 2010 he moved back to New York.

44. Plaintiff alleges shortly thereafter, he reinitiated the hiring and selection process for the position of Police Officer, City of New York, Examination No.: 6102, List No.: 98.

45. Plaintiff alleges after being administered psychological testing, he was qualified but, his appointment was placed on hold due to an erroneous arrest record placed in his file.

46. Plaintiff alleges the erroneous arrest record related to driving while intoxicated.

47. Plaintiff alleges he was never arrested, as evidenced with records maintained by the Federal Bureau of Investigation's National Crime Information Center (NCIC) and the New York State Integrated Justice Portal or E-Justice (Formerly the New York Statewide Police Information Network – NYSPIN) maintained by the New York State Division of Criminal Justice.

48. Plaintiff alleges based upon the erroneous arrest record he sat for the next examination, Examination No.: 1302, List No.: 573.

49. Plaintiff alleges in February 2011 he graduated from Rio Salado College with an Associate in Applied Science Degree in Law Enforcement Technology.

50. Plaintiff alleges in January 2012 he graduated from Ottawa University with a Bachelor of Arts Degree.

51. Plaintiff alleges in or around April 2012 he entered the Student Volunteer Service, for the United States Marshals Service.

52. Plaintiff alleges in or around July 2012 he began the hiring and testing process for the position of Deputy Sheriff, City of New York, Examination No.: 3012.

53. Plaintiff alleges in or around December 2012 he completed and successfully qualified on the written examination, physical examination, physical fitness test and oral board.

54. Plaintiff alleges during the oral board, he disclosed on March 20, 2008 while employed as a police officer in Tempe, Arizona, he was arrested for ARS: 13-2916A Unlawful Use of Telephone, Class 1 Misdemeanor punishable up to six (6) months in jail.

55. Plaintiff alleges ARS: 13-2916A is analogous to Penal Law Section 240.30 (2) Aggravated Harassment in the Second Degree, Class A Misdemeanor punishable up to one (1)

year in jail.

56. Plaintiff alleges he further disclosed this charge is the result of a false charge filed by his girlfriend who promised to "ruin his job" because he caught her cheating with another man.

57. Plaintiff alleges he further disclosed in or around November 25, 2008 after providing the prosecutor with evidence of further contact initiated by his former girlfriend, the charge was dismissed.

58. Plaintiff alleges defendant ELOISE M. ARCHIBALD supervises the entire staff of Psychological Services, in particular, responsible for candidate evaluations.

59. Plaintiff alleges on or about December 16, 2012 under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD, he was interviewed by defendant SARAH LAZER-GOMEZ.

60. Plaintiff alleges during the interview, defendant SARAH LAZER-GOMEZ questioned him about the erroneous driving while under the influence arrest record and the 2008 arrest in Tempe, Arizona.

61. Plaintiff alleges in addition to denying he was ever arrested for driving while intoxicated, he showed his lifetime Driver's Abstract maintained by the New York State Department of Motor Vehicles that proved his driving privileges were never suspended.

62. Plaintiff alleges on or about February 19, 2013 he entered the New York City Sheriff's Academy.

63. Plaintiff alleges the class consisted of 15 deputy sheriff candidates: 5 Blacks or African-American, 7 White or Caucasian, 2 Hispanic and 1 Asian.

64. Plaintiff alleges 1/3 or thirty-three (33) percent of the class is Black or African-

American.

65. Plaintiff alleges on or about March 20, 2013 under the direct or indirect supervision of ELOISE M. ARCHIBALD, defendant SARAH LAZAR-GOMEZ interviewed him again about the erroneous driving while under the influence arrest record and the 2008 arrest in Tempe, Arizona.

66. Plaintiff alleges on or about March 29, 2013 he successfully completed the Basic Course for Peace Officers in accordance with the guidelines of the New York State Division of Criminal Justice Services Municipal Police Training Council.

67. Plaintiff alleges on or about April 26, 2013 he successfully completed the Initial Course in Firearms and Deadly Physical Force in accordance with the guidelines of the New York State Division of Criminal Justice Services Municipal Police Training Council.

68. Plaintiff alleges on or about May 14, 2013 he graduated from the New York City Sheriff's Academy and immediately assigned to a special plainclothes unit called the "Tobacco Task Force."

69. Plaintiff alleges its mission was to investigate illegal tobacco sales primarily in heavily populated areas with citizens of color throughout the City of New York.

70. Plaintiff alleges such investigations resulted in arrests as well as civil penalties.

71. Plaintiff alleges on or about May 23, 2013 he graduated from Molly College with a Master's of Science Degree in Criminal Justice.

72. Plaintiff alleges on or about July 31, 2013 under the direct or indirect supervision of ELOISE M. ARCHIBALD, defendant SARAH LAZAR-GOMEZ documented on the Psychological Disqualification Summary, he exercises 'poor judgment, poor credibility and failure to take responsibility for past problematic behavior.

73. Plaintiff alleges on August 2, 2013 he was served with a Notice of Disqualification and terminated.

74. Plaintiff alleges throughout his appointment, although he was unarmed, he acted as an undercover and arresting officer without incident.

75. Plaintiff alleges his termination was based upon the racially biased psychological evaluations under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD and SARAH LAZAR-GOMEZ.

76. Plaintiff alleges under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD, the entire pool, one hundred (100) percent of Black or African-American candidates were psychologically disqualified.

77. Plaintiff alleges under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD, sixty (60) percent of the pool of Black or African-American psychologically disqualified candidates went onto become members of other law enforcement agencies including the New Jersey State Police.

78. Plaintiff alleges under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD, the entire pool, one hundred (100) percent of Black or African-American candidates were equally qualified or more qualified than the Caucasian or White candidates but, were evaluated differently.

79. Plaintiff alleges Blacks or African-American candidates under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD are more likely than Caucasian or White candidates to have their Psychological Disqualification Summary's documented to read: exercises 'poor judgment, poor credibility and failure to take responsibility for past problematic behavior although they had similar backgrounds.

80. Plaintiff alleges under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD, the Caucasian or White candidates were re-evaluated at the same rate or higher than the Black or African-American candidates but, were not disqualified.

81. Plaintiff alleges under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD, the entire pool, one hundred (100) percent of Caucasian or White candidates although equally qualified or less qualified than Black or African-American candidates were not disqualified.

82. Plaintiff alleges on or about March 11, 2014 he received the Final Notice of Disqualification.

83. Plaintiff alleges on or about April 14, 2014 he appealed the Final Notice of Disqualification to the New York City Civil Service Commission.

84. Plaintiff alleges during the interim period of time, he continued with the hiring and selection process for Examination No.: 1302.

85. Plaintiff alleges on or about March 16, 2015, the New York City Civil Service Commission affirmed the Final Notice of Disqualification without a hearing.

86. Plaintiff alleges on or about June 24, 2015 he received a letter from the New York City Department of Finance informing him that the Final Notice of Disqualification was sent in error.

87. Plaintiff alleges on or about July 23, 2015 he was administered another series of psychological testing examinations.

88. Plaintiff alleges on or about August 3, 2015 under the direct or indirect supervision of defendant ELOISE M. ARCHIBALD, he was interviewed by defendant ALEXANDER STRATIS.

89. Plaintiff alleges on or about December 29, 2015 he received another Notice of Proposed Disqualification from the New York City Department of Finance.

90. Plaintiff alleges his Notice of Proposed Disqualification was based upon the racially biased psychological evaluations under the direct or indirect supervision of ELOISE M. ARCHIBALD; SARAH LAZAR-GOMEZ and ALEXANDER STRATIS.

91. Plaintiff alleges there are no perfect candidates but, defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; SARAH LAZER-GOMEZ and ALEXANDER STATIS treat candidates differently due to their race.

92. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; SARAH LAZER-GOMEZ and ALEXANDER STATIS'S collective conduct caused him to sustain injuries due to disparate treatment and disparate impact during the hiring and selection process for Deputy Sheriff, City of New York in violation of the Civil Rights Act of 1866, $2 U.S.C. § 1981; the Civil Rights Act of 1871, 42 U.S.C. § 1983; New York State Executive Law § 296 and New York City Administrative Code § 8-107.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

93. Plaintiff re-alleges Paragraphs 1 through 92 and incorporates them by reference as Paragraphs 1 through 92 of Count I of this Complaint.

94. Plaintiff alleges the discriminatory acts and omissions of defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M.

ARCHIBALD; SARAH LAZER-GOMEZ and ALEXANDER STATIS interfered with his right to enforce contracts under the color of state law because of his race.

95. Plaintiff alleges as a result of the aforesaid acts, depriving him of his civil rights, he suffered mental anguish, emotional distress, and loss of employment opportunities.

**COUNT II**
**MONELL CLAIM**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

96. Plaintiff re-alleges Paragraphs 1 through 95 and incorporates them by reference as Paragraphs 1 through 95 of Count II of this Complaint.

97. Plaintiff alleges defendant THE CITY OF NEW YORK caused his injuries.

98. Plaintiff alleges defendant THE CITY OF NEW YORK'S actions were taken under color of law.

99. Plaintiff alleges defendant THE CITY OF NEW YORK deprived him of his constitutional and statutory rights.

100. Plaintiff alleges defendant THE CITY OF NEW YORK'S actions are causally related to his injuries.

101. Plaintiff alleges as a result of defendant THE CITY OF NEW YORK'S actions he is damaged.

102. Plaintiff alleges official policies of the NYPD Psychological Services Unit, adopted by defendant THE CITY OF NEW YORK and the New York City Department of Finance used to evaluate law enforcement candidates caused his constitutional and statutory injuries.

## COUNT III
## RACE DISCRIMINATION
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

103. Plaintiff re-alleges Paragraphs 1 through 102 and incorporates them by reference as Paragraphs 1 through 102 of Count III of this Complaint.

104. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; SARAH LAZER-GOMEZ and ALEXANDER STATIS under color of law, personally interfered with and deprived him of his constitutional rights because of his race.

105. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; SARAH LAZER-GOMEZ and ALEXANDER STATIS in acting to deprive him of his rights, acted intentionally, knowingly, willfully, and with gross disregard of his rights.

106. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; SARAH LAZER-GOMEZ and ALEXANDER STATIS under color of law, caused him to suffer emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT IV
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

107. Plaintiff re-alleges Paragraphs 1 through 106 and incorporates them by reference as Paragraphs 1 through 106 of Count IV of this Complaint.

108. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL;

BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; SARAH LAZER-GOMEZ and ALEXANDER STATIS discriminated against him because of his race.

109. Plaintiff alleges he is within the protected class.

110. Plaintiff alleges he is qualified for the position.

111. Plaintiff alleges he was subjected to an adverse employment action.

112. Plaintiff alleges the adverse employment action occurred under circumstances giving rise to an inference of discrimination.

113. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; SARAH LAZER-GOMEZ and ALEXANDER STATIS'S violations caused him mental anguish, emotional distress, and loss of employment opportunities.

## COUNT V
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

114. Plaintiff re-alleges Paragraphs 1 through 113 and incorporates them by reference as Paragraphs 1 through 113 of Count V of this Complaint.

115. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; SARAH LAZER-GOMEZ and ALEXANDER STATIS discriminated against him because of his race.

116. Plaintiff alleges he is within the protected class.

117. Plaintiff alleges he is qualified for the position.

118. Plaintiff alleges he was subjected to an adverse employment action.

119. Plaintiff alleges the adverse employment action occurred under circumstances giving rise to an inference of discrimination.

120. Plaintiff alleges defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; SARAH LAZER-GOMEZ and ALEXANDER STATIS'S violations caused his mental anguish, emotional distress, and loss of employment opportunities.

## JURY TRIAL

121. Plaintiff demands a trial by jury of all issues in this action that are so triable.

## PRAYER FOR RELIEF

Wherefore, plaintiff demands compensatory and punitive damages from defendants' THE CITY OF NEW YORK; DAVID FRANKEL; BETH E. GOLDMAN; JACQUES JIHA; ELOISE M. ARCHIBALD; SARAH LAZER-GOMEZ and ALEXANDER STATIS plus any and all available statutory remedies, both legal and equitable, and interests and costs.

Dated: January 10, 2016
       New York, NY

Respectfully submitted,

By: _____s_____
      Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
230 Park Avenue, Suite 1000
New York, NY 10169
(212) 808-6515 (Business Telephone)
(212) 729-3062 (Facsimile)

Website: http://www.thesandersfirmpc.com